# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN EDWARD HIGHTOWER, JR., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-02169-SHL-tmp |
| | ) |
| JET'S PIZZA AND ROBERT BOBBY SHEARIN, | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment, filed May 20, 2024. (ECF No. 17.)[1] Plaintiff John Edward Hightower, Jr., filed his response on August 8, 2024, in which he sought time to conduct additional discovery before the Court ruled on the Motion. (ECF No. 27.) Defendants replied on August 22, 2024. (ECF No. 28.) For the reasons stated below, the Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This matter began as pro se lawsuit in which Plaintiff John Edward Hightower, Jr., alleged violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Hightower's form-filled complaint indicated that he is bi-racial, black and white. (Id. at PageID 4.) His Complaint did not include detailed allegations, but attached the initial Charge of Discrimination he filed on May 9, 2023, with the Tennessee Human Rights Commission and EEOC (ECF No. 1-1 at PageID 10), as well as the supplemental Charge he filed July 14, 2023 (id. at PageID 11).

---

[1] The motion explains that Plaintiff mis-named both Defendants. Their correct names are "Charles Riley II LLC d/b/a Jet's Pizza" and "Robert Shearin." (Id. at PageID 56.) The Court refers to the former herein as "CR II" or "Jet's."

Hightower's initial Charge indicates that he was hired as a cook at Jet's on March 11, 2020, and subsequently promoted to store manager. (ECF No. 1-1 at PageID 10.) He alleges that, during his employment, "[o]wner Bobby Shearin . . . subjected [him] to sexual harassment when he continuously [made] statements that are sexual in nature towards [him]." (Id.) He asserts that he told Shearin to stop making such statements to him, but that Shearin continued to do so and continued to touch him in a sexual manner, which Hightower characterized as sexual harassment based on his sex. (Id.)

In his supplemental Charge, Hightower indicated that Shearin's conduct continued after he filed his initial Charge. Hightower alleges that on June 15, 2023, he was closing the Jet's store and it was robbed. (Id. at PageID 11.) Hightower asserts that Shearin put his arm around him and hugged him, prompting Hightower to push Shearin away and reminding him that he had already told Shearin not to touch him. (Id.) Hightower subsequently asked Shearin for a couple of days off from work based on the stress of having had a gun pointed at him during the robbery. (Id.) Although Shearin allowed Hightower to take those days off, when Hightower subsequently called and told Shearin he still was unable to return to work, Shearin fired him. (Id.) Hightower alleges that he "was fired in retaliation for complaining of sexual harassment, objecting to sexual harassment, and filing an EEOC charge. My race was also a motivating factor in the decision to fire me." (Id.)

Hightower attended a scheduling conference with Chief Magistrate Judge Tu M. Pham on May 23, 2024, indicated he planned to hire an attorney, and was granted an additional forty days—until July 2—in which to respond to the pending Motion for Summary Judgment. (ECF

No. 19.) On June 25, Paul Forrest Craig entered a Notice of Appearance on Hightower's behalf. (ECF No. 22.)[2]

Defendants' Motion for Summary Judgment is based on one, simple assertion: neither Shearin nor Jet's is covered by Title VII. It asserts that individuals cannot be held personally liable under Title VII, so even if Shearin is considered an employee or supervisor at Jet's, he is outside the scope of Title VII liability. Beyond that, Defendants assert that both Jet's and Shearin, as a member of the limited liability company CR II, exist outside of Title VII's protections because neither qualifies as an employer under Title VII based on the fact that they do not employ at least fifteen people. In support of their Motion, Defendants provide the affidavit of Joelle Shearin, CR II's business manager and, along with Robert Shearin, its other member. (ECF No. 17-3 at PageID 66–67.) Joelle Shearin's affidavit included two attachments. First is the weekly Payroll Journals of CR II spanning from the date CR II took ownership of the Jet's franchise at 4695 Poplar Avenue in Memphis on October 6, 2022, through April 14, 2024. (Id. at PageID 68–242.) The second attachment is a two-page spreadsheet that summarized the total number of employees CR II employed at the pizzeria during each workweek of the company's operation over the same span. (Id. at PageID 243–44).

Hightower counters that "[t]he number of the employees of the Defendant is a question of fact, and the Plaintiff should be afforded the opportunity to examine the alleged facts which makes up this assertion of the number of employees by the Defendant." (ECF No. 27 at PageID

---

[2] Under Administrative Order 2013-05, "all pending and future cases filed by pro se non-prisoner plaintiffs are . . . referred to the assigned magistrate judge for management of all pretrial matters." Craig's appearance thus removed the case from Chief Magistrate Judge Pham's management and brought it before the undersigned. Though Hightower's deadline to respond to the Motion for Summary Judgment expired shortly after Craig's appearance, the Court sua sponte extended the deadline to respond to the Motion until August 9, 2024.

270.) Based on this need to conduct additional discovery, Hightower asserts that the Motion for Summary Judgment should be denied. (Id.)

## ANALYSIS

### I.  Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the non-moving party's cause. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Although the court views all evidence and factual inferences in a light most favorable to the non-moving party, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

The movant has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. Id. at 324 (quotations omitted). Ultimately, in evaluating the appropriateness of summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52.

Rule 56 also provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) requires

4

the non-movant opposing summary judgment to "apprise the district court that discovery is needed and file an affidavit or declaration describing the necessary discovery." See B. Riley Wealth Mgmt., Inc. v. XL Specialty Ins. Co., No. 2:20-cv-02605-JTF-cgc, 2021 WL 6884742, at *3 (W.D. Tenn. Mar. 1, 2021) (citing Vance ex rel. Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996)).  Denial of Rule 56(d) motions is appropriate when the non-movant "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered."  CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008) (quoting Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004)).

## II.     Qualifying as an "Employer" Under Title VII

Title VII defines the entities that are subject to suit.  The Sixth Circuit has explained that "Congress did not intend to provide for individual employee/supervisor liability under Title VII." Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997) (noting that, although language in 42 U.S.C. § 2000e(b) suggests agents of employers may be subject to individual liability, such an interpretation would be at odds with the express intent of Congress).  Instead, as is relevant for Hightower's claims, only an "employer" is subject to suit.  Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).  "The Supreme Court has referred to this definition as an 'employee-numerosity requirement.'"  Wright v. Memphis Police Ass'n, Inc., No. 2:14-cv-02913-STA-dkv, 2016 WL 4006091, at *13 (W.D. Tenn. July 25, 2016) (quoting Walters v. Metropolitan Educ. Enters. Inc., 519 U.S. 202, 206 (1997)).

The Supreme Court has endorsed the so-called "payroll method" for determining whether an employer satisfies Title VII's numerosity requirement. See Walters, 519 U.S. at 204. That method provides that whether the employer had an employment relationship with fifteen or more employees is most readily demonstrated by counting the number of people on the employer's payroll. Id. at 206. As Defendants suggest, "[t]he decision in Walters made it easier for plaintiffs to satisfy the fifteen-employee threshold, but it made the method of counting employees very clear – count employees appearing on the company's payroll during the relevant period." (ECF No. 17-1 at PageID 59 (citing Walters, 519 U.S. at 211).) Plaintiffs have the burden of demonstrating that an entity qualifies as an employer under Title VII. See Flannery v. Tune Imports, Inc., No. 3:18-CV-00584, 2020 WL 2512825, at *2 (M.D. Tenn. May 15, 2020) ("it is Plaintiff's burden to meet [the numerosity] requirement").

### III. The Request to Conduct Discovery

Plaintiff does not contest that Defendants are only subject to suit if they employ at least fifteen people and satisfy Title VII's numerosity requirement.[3] Instead, he argues that he should be able to conduct discovery that would potentially uncover something other than the information in the "self-serving affidavits and self-maintained records," Defendants have offered to demonstrate they have fewer than fifteen employees as defined by Title VII. (ECF No. 27 at PageID 270.) But Plaintiff maintains that there are more reliable data sources for the number of

---

[3] Plaintiff asserts that, because the case "was filed as a Pro Se Complaint, there is a need to file an amended complaint in this matter," including to name Charles Riley II, LLC as a proper Defendant, and to add "pertinent details . . . to the asserted causes of action in this matter." (ECF No. 27-1 at PageID 274.) Plaintiff has not moved for leave to file an amended complaint and does not suggest that any such amendment would alter the threshold question of whether Defendants employed fifteen employees as required under Title VII.

Defendants' employees, such as the Tennessee Department of Revenue and the Internal Revenue Service.  (Id.)

In support of his request to conduct additional discovery before the Motion for Summary Judgment is ruled upon, Hightower includes the Declaration of Paul Forrest Craig, his attorney.  (ECF No. 27-1.)  The response and Craig's affidavit suggest that Hightower "believes that Defendant owns and operates" a second Jet's pizza franchise at 1400 North Germantown Parkway, based on the fact that the Internet sale information for the store at 4695 Poplar Avenue "indicates that there were two franchise locations for sale at the same time."  (ECF No. 27 at PageID 270.)  Ultimately, Plaintiff asserts that he "should be allowed to conduct discovery into the accurate number of employees of this Defendant" and "should be allowed to conduct discovery into other businesses and business locations which are owned and operated by the Defendant."  (Id.)

In their reply, Defendants assert that Plaintiffs request to delay a ruling on the Motion for Summary Judgment until after Hightower is allowed to conduct discovery should be denied for several reasons, including: Plaintiff's lack of diligence; Craig's declaration fails to show how more time would enable Plaintiff to rebut claims in Defendants' motion; the evidence relied upon in the declaration casts no doubt on the business records and is inadmissible hearsay and speculation; and Plaintiff has issued no subpoenas or discovery requests.  (ECF No. 28 at PageID 289–93.)  Defendants assert that, if the Court were to grant Plaintiff additional time to conduct discovery, that it should be limited to the sole issue of whether Defendants employed more than fifteen people, and should be limited in time.  (Id. at PageID 294.)  Defendants suggest a reasonable timeframe is sixty days.  (Id.)

As a starting point, Defendants' filing of their Motion for Summary Judgment prior to any discovery being conducted is procedurally proper, as "Rule 56(b) of the Federal Rules of Civil Procedure permits either party to file a motion for summary judgment 'at any time until 30 days after the close of discovery.' The Rule therefore 'contemplates that a defending party may move for summary judgment even before any discovery has been taken.'" Zakora v. Chrisman, 44 F.4th 452, 479 (6th Cir. 2022), cert. denied sub nom. Chrisman v. Est. of Zakora, 143 S. Ct. 2608 (2023) (quoting Short v. Oaks Corr. Facility, 129 F. App'x 278, 280 (6th Cir. 2005)). Typically, "[a] . . . motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Doe v. City of Memphis, 928 F.3d 481, 490–91 (6th Cir. 2019) (quoting FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 623 n.7 (6th Cir. 2014)). "The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." Zakora, 44 F.4th at 479 (quoting Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996)).

That opportunity is not boundless, however. Where, as here, a party files an affidavit under Rule 56(d) seeking additional discovery, he "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." Id. at 490 (quoting E.M.A Nationwide, 767 F.3d at 623). "The affidavit must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" Id. (quoting Ball, 385 F.3d at 720).

Courts consider five factors in determining whether to grant time for additional discovery under Rule 56(d):

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

CenTra, 538 F.3d at 420 (quoting Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196–97 (6th Cir. 1995)).

The Plott factors do not provide a clear-cut conclusion here. Plaintiff has been on notice of the issue of employee numerosity since at least the time of the filing of the Motion for Summary Judgment, that is May 20, 2024. Plaintiff sought additional time for discovery more than two months later. This factor weighs in Defendants' favor. As for whether the desired discovery would have changed the ruling below, the Court is dubious that there are any records that could undermine the business records Defendants collected during the normal course of their business and to which they have sworn are accurate. This factor is, at best for Plaintiff, neutral, and likely leans in Defendants' favor. The fact that there is no schedule, and thus has not been a discovery period set, makes the third factor weigh in Plaintiff's favor. As described above, Plaintiff has been dilatory in seeking the discovery he now seeks and, as Defendants point out, as of the date of the filing of their reply, "Plaintiff has issued no subpoenas to the governmental entities that he claims may disprove Defendants' fact claims. Plaintiff has not issued a single discovery request, request for production, request for admission, or had his lawyer so much as a make a call to discuss this issue." (ECF No. 28 at PageID 292.) This factor weighs against Plaintiff's request to conduct additional discovery. Finally, because there has been no discovery, the final factor weighs in Plaintiff's favor.

Overall, the Plott factors weigh in Defendants' favor. On top of this is one other fundamental consideration for the Court: will the discovery that Plaintiff seeks change the legal

9

and factual deficiencies of his claim that Defendants may have had at least fifteen employees as defined under Title VII? If not, granting summary judgment is appropriate. See Maki v. Laakko, 88 F.3d 361, 367 (6th Cir. 1996).

Plaintiff suggests that the Court should not rely on the self-serving affidavits and business records Defendants have offered in response to his request to conduct additional discovery. It has been said that "[t]he affidavit is the Potemkin Village of today's litigation landscape," in that "[p]urported adjudication by affidavit is like walking down a street between two movie sets, all lawyer-painted facade and no interior architecture." Delano v. Abbott Lab'ys, 908 F. Supp. 2d 888, 896 n.4 (W.D. Tenn. 2012) (quoting United States v. Massachusetts, 781 F.Supp.2d 1, 22 n. 25 (D. Mass. 2011).

But all affidavits are self-serving to some extent. And, the affidavits Plaintiffs submit are not conclusory or bereft of detailed facts that would cast suspicion on their reliability. Joelle Shearin asserts in her affidavit that CR II did not employ fifteen or more persons in each of 20 or more calendar weeks in the 2022, 2023, or 2024 calendar years, and, in fact, "has never during any work week since it has been in operation employed 15 employees." (ECF No. 17-3 at PageID 67.) In support of those assertions, Shearin's affidavit includes almost two hundred pages of payroll records, collected in the normal course of business, and a summary spreadsheet that indicates Defendants employed between six and thirteen people during every week from October 2022 through April 2024, and never had as many as fifteen employees. (Id. at PageID 68–244.)

In his attempt to justify conducting additional discovery, Plaintiff offers nothing more than an unsupported hunch that Defendants own another pizzeria based on a sales offering for a separate franchise at around the same time that CR II took ownership of the 4695 Poplar Avenue

franchise.  (ECF No. 27-1 at PageID 275.)  He also suggests that "[i]t is very possible that they could be operating other business interest[s] outside of Jet Pizza locations."  (Id. at PageID 276.)  That rank speculation in the face of reams of evidence in the record that tells a different story is not enough to warrant allowing Plaintiff to conduct additional discovery in this matter.  "In the face of the motions for summary judgment—which were supported by affidavits and other evidentiary documentation—[a plaintiff is] required to come forward with more than a general and conclusory statement regarding the need for discovery."  Short v. Oaks Corr. Facility, 129 F. App'x 278, 282 (6th Cir. 2005).  Plaintiff has done little more than that here, therefore his request to conduct additional discovery under Rule 56(d) is **DENIED**.

Given the foregoing, Plaintiff's challenges to Defendants' undisputed statement of facts are unsupported and are insufficient to establish a dispute of the single, material fact that is dispositive of this case: whether Defendants had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  See 42 U.S.C. § 2000e(b).  Because the Court is denying Plaintiff's request to conduct additional discovery into that question, and the record is replete with evidence that Defendants never had fifteen or more employees, including during the relevant time frame for Plaintiff's claims, summary judgment is appropriate in this case.  Therefore, Defendants' Motion for Summary Judgment is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 2nd day of October, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE